UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KV PHARMACEUTICAL CO., et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV270 CDP |
| | ) | |
| NATIONAL UNION FIRE | ) | |
| INSURANCE CO. OF | ) | |
| PITTSBURGH, PA, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

After a trial resulting in a jury verdict for plaintiffs, I withheld entry of judgment for briefing on plaintiffs' request for prejudgment interest. Defendant contends that prejudgment interest is inappropriate because plaintiffs' claim was unliquidated. I conclude that Missouri law and Eighth Circuit precedent support an award of prejudgment interest when the total amount claimed is known but the defendant insurer denies liability, and so I will award prejudgment interest.

The parties disagree as to whether the claim in this case was a liquidated amount before the jury returned its verdict. National Union was KV's excess insurance carrier. KV paid $4.5 million to settle a claim of a third party, and then filed this suit to recover under both its primary and excess insurance policies. Both defendant insurers denied that the settlement was covered under their policies, but

before trial the primary carrier, American Manufacturers, settled and paid KV its $1 million policy limits. The jury found that the entire $4.5 million settlement that KV had paid in the disputed claim represented claims covered under the policies. KV now seeks prejudgment interest on the $3.5 million owed by National Union.

Missouri's prejudgment interest statute, Mo. Rev. Stat. § 408.020, applies to insurance contracts. See Schultz v. Queen Insurance Co., 399 S.W.2d 230, 235 (Mo. Ct. App. 1965). It states:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

The general rule in Missouri is that prejudgment interest is not recoverable on an unliquidated demand. Fohn v. Title Insurance Corp., 529 S.W.2d 1, 5 (Mo. 1975). However, there are several exceptions to this general rule, see Catron v. Columbia Mutual Insurance Co., 723 S.W.2d 5, 7 (Mo. 1987), including specific rules that apply in the insurance context. For example, in St. Joseph Light & Power Co. v. Zurich Insurance Co., 698 F.2d 1351 (8th Cir. 1983), the plaintiff utility company carried several different types of property damage insurance, each

covering damage from different sources. Plaintiff filed an action for declaratory judgment as to which of its insurers were liable for damages to one of its boilers, when it was unclear whether the boiler damage was caused by fire or low-water condition – losses that were covered by different insurers. The Eighth Circuit, applying Missouri Law, reversed the trial court's denial, stating the issue as "whether prejudgment interest ought to be awarded where there is a dispute between insurers as to coverage so long as the *total* amount of damages claimed by the plaintiff is either liquidated or readily ascertainable." Id. at 1356 (emphasis added). Like our case, the only issue before the court was coverage; the total claim amount was known. "Under Missouri law, a defendant's denial of liability or challenge to the amount claimed on a contract will not alter the fact that the amount claimed by the plaintiff is sufficiently ascertainable to require the award of prejudgment interest." Id.

The total amount of damages in this case was known ever since the plaintiffs paid $4.5 million to settle the underlying case in September of 2004. Even though both the primary and excess insurers denied liability and contested the amount covered under the policies, the total claim of $4.5 million was known to the parties, and it was always plaintiffs' position that the full amount of the settlement was covered by the policies. The jury agreed with plaintiffs' position. "When the total

amount of damages claimed by the plaintiff is liquidated, prejudgment interest ought to be awarded even though the insurers dispute coverage." St. Joseph Light, 698 F.2d at 1357. I conclude that prejudgment interest is appropriate here.

In addition, equitable reasons justify granting prejudgment interest against insurance companies who dispute liability. In a case factually similar to this one, Nodaway Valley Bank v. Continental Casualty Company, 916 F.2d 1362 (8th Cir. 1990), the plaintiff brought suit against its liability insurer seeking recovery of a settlement payment. The district court heard testimony and allocated the settlement amount between covered and uncovered claims. The court then added prejudgment interest to the award. On appeal the Eighth Circuit affirmed the district court's allocation and award of prejudgment interest. The Court of Appeals found that Missouri case law supports prejudgment interest when the money was previously advanced yet an allocation had not yet occurred. Id. at 1367 (citing Catron, 723 S.W.2d 5 (Mo. 1987)). The Court focused on the equitable rationale that the "[d]efendant insurer has long had the benefit of plaintiff's advances, and should pay for the use of the funds." Id. Missouri case law addresses the concern that "unless prejudgment interest is available, compensation will be inadequate and defendants will have an incentive to prolong litigation to take advantage of the time value of money." Id. at 1368.

KV argues that interest began accruing on September 2, 2004, the date on which the settlement agreement was signed and the money exchanged hands. National Union argues that the start date should not be until November 30, 2005, when it received notice that the primary insurer had settled with the plaintiffs and exhausted its limit under the primary policy. Under 408.020, interest begins to accrue "from the date that the proceeds became due and payable." St. Louis County Nat. Bank v. Maryland Cas. Co., 564 S.W.2d 920, 930 (Mo. Ct. App. 1978) (citing Shultz, 399 S.W.2d 230 (Mo. Ct. App. 1965)). Under Section R of the policy between the parties, damages are payable after either the primary insurer limit or the self-insured retention has been "exhausted by the payment of Loss." However, it would be inequitable for the defendant to benefit from the primary insurer's erroneous denial of liability, which is what delayed exhaustion of the underlying policy. Just as an insurer cannot dispute coverage to avoid paying prejudgment interest, the defendant here cannot take advantage of the primary insurer's denial of coverage to delay its own prejudgment interest liability. If the plaintiff had never settled with the primary insurer and the jury awarded a verdict against both insurers, they would each be liable for prejudgment interest from the date of the settlement. There should be no difference here. The money became due and payable upon KV's payment of the $4.5 million. Defendant does not dispute plaintiffs'

calculation of 9% interest on $3.5 million dollars to be $863.01369 per day. Therefore, for 605 days, from September 2, 2004 to May 1, 2006, the total amount of prejudgment interest that has accrued is $522,123.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for prejudgment interest [#158] is granted. Judgment will be entered in the total amount of $4,022,123, which consists of $3.5 million plus prejudgment interest of $522,123.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                _____
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this <u>1st</u> day of <u>May</u>, 2006.